IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARGYLE BROWN SOLOMON,     *
    Plaintiff
                                            *

v.                                         CIVIL ACTION NO. PWG-13-1951
                                           *

CIRCUIT COURT JUDGE HERMAN C.    *
DAWSON,
    Defendant                             *
                                         ******

**MEMORANDUM**

Cargyle Brown Solomon ("Solomon"), a self-represented Plaintiff, brings this action against Prince George's County Circuit Court Judge Herman C. Dawson under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964(a) ("RICO") for conduct occurring during state custody proceedings involving Plaintiff's minor child. ECF No. 1. After reviewing Solomon's pleadings, the Court will grant Solomon's Motion to Proceed in Forma Pauperis and summarily dismiss the Complaint.

Under 28 U.S.C. § 1915, an indigent litigant may commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] The Honorable Herman C. Dawson also may be dismissed from this action based on judicial immunity. *See In re Mills*, 287 Fed. App'x 273, 279 (4th Cir. 2008) ("Judges performing judicial acts within their jurisdiction are entitled to absolute immunity from civil liability claims.") (citing *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)).

The complaints of self-represented litigants are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a self-represented litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atl.Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

A plaintiff seeking civil damages under RICO must allege and prove four elements: "(1) conduct [causing injury to business or property], (2) of an enterprise, (3) through a pattern, (4) of racketeering activity." *Sedima S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496 (1995). Plaintiff alleges only personal injuries and RICO is not available for the redress of purely personal injuries. *See Drake v. B.F. Goodrich Co.*, 782 F.2d 638, 644 (6th Cir. 1986). Furthermore, a RICO claim may not be based on allegations of civil rights violations, such as Plaintiff alleges. *See Bowen v. Oistead*, 125 F.3d 800, 806 (9th Cir. 1997). Rather, "[e]nacted to strengthen criminal and civil remedies against organized crime, RICO provides a private right of action for any person 'injured in his business or property by reason of a violation of its substantive prohibitions.' " *Dahlgren v. First Nat'l Bank of Holdrege*, 533 F.3d 681, 689 (8th Cir. 2008) (quoting 18 U.S.C. § 1964(c)). Consequently, Plaintiff fails to state a claim, and *sua sponte* dismissal of Plaintiff's Complaint is appropriate. *See* Fed. R. 28 U.S.C. § 1915(e)(2)(B).

2

A separate order follows.

7/18/2013
Date

/s/
Paul W. Grimm
United States District Judge